UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WILLIAMS,

                     Plaintiff,

    -against-

THE CITY OF NEW YORK, OFFICER JAY
WENG, OFFICER JOSE A. RAMOS, and
OFFICER ROMEO ESQUEA, Individually and as
Members of the New York City Police
Department,

                Defendants.

**COMPLAINT**

Index No. 25-cv-10296

**JURY TRIAL DEMANDED**

Plaintiff Michael Williams ("Plaintiff" or "Williams"), by his attorneys, the Law Offices of Joel B. Rudin, P.C., respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.      This is a civil action, pursuant to 42 U.S.C. §§ 1983 and 1988, New York State law, and the New York City Administrative Code, seeking monetary damages for Plaintiff Michael Williams because New York City Police Department ("NYPD") officers brutally tased him for no reason and kept him in custody unlawfully for 20 hours.

2.      Williams, a personal trainer, leads community fitness classes in public parks called Freestyle Fridays.

3.      On May 24, 2025, Williams and two friends visited Slattery Park in the Bronx to do calisthenics, film themselves working out to promote their classes on social media, and discuss holding a community workout class at Slattery Park for the first time the following Friday.

4.      A few minutes later, Williams's life as he knew it was shattered.

5.      Police approached the three friends, threatened Williams with arrest for no apparent reason, and made a motion that looked like they were reaching for their guns.  Terrified, he ran, and police, without justification, tased him multiple times.

6.      After Williams put his hands up and surrendered, police officers threw him against a car and to the ground and tased him for a sustained period at point blank range, including while he was handcuffed.

7.      At no point before Williams was tased at point blank range, or while he was being tased, was he resisting.

8.      After viciously tasing Williams, the police held him in custody for 20 hours, even after telling him, shortly after bringing him to the precinct, that they realized they had arrested the wrong person.

9.      Williams's life has been dramatically changed due to the individual defendants' senseless brutality.

10.     He suffers severe ongoing pain in his back, shoulder, neck, leg, and wrist, numbness down his leg, and nerve spasms.  He experiences continued severe mental and emotional anguish.

11.     This lawsuit seeks to hold liable the individuals responsible for senselessly brutalizing Williams and to recover substantial damages from them, and from the City of New York, which employed them, for his injuries.

### **JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

12.     This action arises under 42 U.S.C. §§ 1983 and 1988 and under the common law of the State of New York.

13.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343 and under the principles of pendent jurisdiction.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the events giving rise to the claim occurred in the Bronx.

15.    Plaintiff's damages exceed $50,000.

16.    This action is being commenced within the applicable period for each claim.

17.    On July 8, 2025, Plaintiff served the City of New York timely notice of the present claims, in accordance with N.Y. Gen. Mun. Law § 50-e.

18.    On August 25, 2025, the City of New York conducted a hearing in accordance with N.Y. Gen. Mun. Law § 50-h.

19.    Plaintiff has duly complied with all conditions precedent to the commencement of this action.

## THE PARTIES

20.    Plaintiff, MICHAEL WILLIAMS, is a citizen and resident of the State of New York and the United States.  He resides within the Eastern District of New York.

21.    Defendant CITY OF NEW YORK ("City") is a municipal corporation of the State of New York and is a resident of the Southern District of New York.  The NYPD is an agency of the City, which is responsible for torts committed by its employees.

22.    Defendant JAY WENG ("Weng"), Shield Number 23959, Tax ID 977006, was at all relevant times an officer employed by the NYPD, acting within the scope of his authority and under color of State law.  He is named here in his individual and official capacities.

23.    Defendant JOSE A. RAMOS ("Ramos"), Shield Number 22360, Tax ID 976985, was at all relevant times an officer employed by the NYPD, acting within the scope of his authority and under color of State law.  He is named here in his individual and official capacities.

24.    Defendant ROMEO ESQUEA ("Esquea") Shield Number 12381, Tax ID 976652, was at all relevant times an officer employed by the NYPD, acting within the scope of his authority and under color of State law.  He is named here in his individual and official capacities.

25.    Defendants Weng, Ramos, and Esquea will be referred to herein as "the individual defendants."

## FACTUAL ALLEGATIONS

### The Excessive Force and False Arrest

26.    On May 24, 2025, Plaintiff Michael Williams was working out with two friends at the calisthenics bars in Slattery Park in the Bronx.

27.    Officers Jay Weng, Jose A. Ramos, and Romeo Esquea walked up to Williams and his friends at approximately 6 p.m.

28.    The officers asked Williams and his friends if any of them was named "Lickey."

29.    Williams and his friends stated that none of them were named "Lickey."

30.    Officer Weng told Williams he was under arrest.

31.    Williams asked the officers what he was under arrest for.

32.    The officers did not explain what they were arresting him for.

33.    The three officers started walking towards Williams.

34.    Williams backed up.

35.    The officers started moving faster and reached their hands to their hips like they were going to shoot Williams.

36.     Having heard of numerous police shooting incidents and fearing for his life, Williams ran for the exit to the park on the corner of Ryer Avenue and East 183rd Street.

37.     The officers shot Williams with a taser in his right calf, his left calf, and his right wrist in rapid succession.

38.     The officers did not give any warning to Williams before or after discharging their tasers, and there was no reasonable law enforcement necessity to discharge their tasers.

39.     Williams raised his hands to surrender himself.

40.     Officer Weng tackled him and threw him on a parked car so hard that it broke the side mirror of the car.

41.     When Officer Weng tackled Williams, Williams was stationary and had raised his hands in surrender.  At no time did Williams resist Officer Weng.

42.     As Officer Weng held Williams's hands behind his back, and for no valid law enforcement purpose, he started tasing Williams in direct contact with his spine.

43.     Officer Weng continued to hold the taser against Williams's back until Williams fell to the ground.

44.     With his hands restrained behind his back, Williams was unable to brace his fall and his body slammed against the ground.

45.     As Williams lay on the ground, immobilized and compliant, Officer Weng and another officer again tased Williams, simultaneously, pressing the tasers firmly against his back, for no valid law enforcement purpose.

46.     Officer Weng and the other officer tased Williams while he was being rear-cuffed and after he was fully rear-cuffed.

47.    Williams experienced excruciating pain, his vision became impaired, he felt pressure in his brain, and he blacked out.

**Officers Detain Williams for 20 Hours**

48.    Officers put Williams in a police car.

49.    Williams told the officers repeatedly that they had the wrong person, but they ignored him.

50.    At the 46th Precinct, Williams continued to tell officers that they had the wrong guy.

51.    Officer Ramos then told Williams he had found out that Williams was not the suspect they were looking for.

52.    Officer Ramos apologized for the mistake and showed Williams a picture of a suspect.

53.    This picture obviously did not look like Williams.

54.    When Officer Weng joined Williams and Officer Ramos, Officer Ramos told Officer Weng that Williams was not the right guy and showed him the photograph.

55.    At approximately 7 p.m., Officer Ramos took Williams to St. Barnabas Hospital.

56.    Officer Ramos then brought Williams back to the 46th Precinct.

57.    The officers kept Williams in a cell in the precinct for approximately six more hours after returning from the hospital, without probable cause or any valid law enforcement basis.

58.    Officers then brought Williams to Central Booking, where he was kept approximately 12 more hours.

59.    Williams was never formally charged with any crime.

**Damages**

60.     During the incident, Williams suffered excruciating pain throughout his body from being tased numerous times, including the period when the two tasers were held directly against his spine.

61.     He also suffered cuts to and bruises on his left knee and left hip from being thrown against a car and to the ground.

62.     Williams continues to suffer substantial pain in his lower back, shoulder, neck, leg, and wrist, limited mobility in his wrist, numbness down his leg, and nerve spasms.

63.     He has tears in his left rotator cuff, two slipped discs in his back, and sciatica in his right leg, among other lasting physical injuries.

64.     Williams was terrified he was going to die during the incident.

65.     He has since suffered from difficulty sleeping, nightmares, anxiety, and depression.

66.     His mental and emotional injuries have severely diminished his enjoyment of life and harmed his interpersonal relationships.

67.     He has an intense fear of being harmed by the police.

68.     His injuries have substantially limited his ability to perform his job as a personal trainer, to lead his community fitness class, and to perform advanced calisthenics as he previously did.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983; False Arrest Under the Fourth Amendment by All Individual Defendants

69.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 68 of this Complaint.

70.     The individual defendants intentionally arrested Williams and/or failed to intervene to prevent his arrest.

71.     Williams was aware of his confinement.

72.     Williams did not consent to his confinement.

73.     Officers were not privileged to make or continue Williams's arrest in the absence of probable cause and a warrant.

74.     The individual defendants are therefore liable to Williams, under 42 U.S.C. §§ 1983 and 1988, for all the reasonably foreseeable injuries that their unlawful conduct caused and for Plaintiff's attorneys' fees, costs, and expenses.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983; Unreasonable Use of Force Under the Fourth Amendment by All Individual Defendants

75.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 74 of this Complaint.

76.     The individual defendants tased Williams and threw him against a car and to the ground even though he was not resisting arrest and/or failed to intervene to prevent officers from using excessive force against Williams.

77.     As a result of the individual defendants tasing Williams and throwing him against a car and to the ground, Williams suffered excruciating pain that continues to this day.

78.     The individual defendants are therefore liable to Williams, under 42 U.S.C.

§§ 1983 and 1988, for all the reasonably foreseeable injuries that their unlawful conduct caused

and for Plaintiff's attorneys' fees, costs, and expenses.

### THIRD CAUSE OF ACTION

**Violations of Rights Under New York City Administrative Code §§ 8-802–8-803 by All Defendants**

79.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through

78 of this Complaint.

80.     Pursuant to §§ 8-802–8-803 of the New York City Administrative Code, the

individual defendants and their employer, the City of New York, are liable for their

aforementioned violations of Williams's rights, for his actual damages, for punitive damages,

and for his attorneys' fees, costs, and expenses.

### FOURTH CAUSE OF ACTION

**Common-law False Arrest and False Imprisonment by All Defendants**

81.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through

68 of this Complaint.

82.     Williams was unlawfully, unjustifiably, and intentionally arrested, transported,

detained, deprived of his liberty, and imprisoned.

83.     Williams was aware of this confinement.

84.     Williams did not consent to this confinement.

85.     There was no warrant or probable cause for Williams's arrest or its continuation,

and the confinement was not otherwise privileged.

86.     At all relevant times, the individual defendants were employees of the NYPD,

acting in furtherance of the business of their employer and within the scope of their employment.

87.     The City is liable for their actions under the doctrine of *respondeat superior.*

88.     The individual defendants and the City are therefore liable to Williams for all the reasonably foreseeable injuries that their unlawful conduct caused.

### FIFTH CAUSE OF ACTION

**Common-law Excessive Force and Assault and Battery by All Defendants**

89.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 68 of this Complaint.

90.     During the course of unlawfully arresting Williams, the individual defendants used an unreasonable amount of force and caused Williams unnecessary physical injuries.

91.     Moreover, because Williams was arrested without probable cause, any and all force used to arrest him, even mere touching, constituted assault and battery at common law.

92.     At all relevant times, the individual defendants were employees of the NYPD, acting in furtherance of the business of their employer and within the scope of their employment.

93.     The City is liable for their actions under the doctrine of *respondeat superior*.

94.     The defendants are therefore liable to Williams for all the reasonably foreseeable injuries that their unlawful conduct caused.

### DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.   Damages for lost income and other economic harm in an amount to be determined at trial;

b.   Damages for cost of medical treatment in an amount to be determined at trial;

c.   Additional compensatory damages in an amount to be determined at trial;

d.   Punitive damages in an amount to be determined at trial;

e.  Reasonable attorneys' fees, together with costs and disbursements, pursuant to

    42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-805, and the inherent powers of

    this Court;

f.  Pre-judgment and post-judgment interest as allowed by law; and

g.  Any additional relief that this Court may deem just and proper.


                            Law Offices of Joel B. Rudin, P.C.

                            _____/s/_____

            By:     Joel B. Rudin
                    David E. Rudin
                    Law Offices of Joel B. Rudin, P.C.
                    152 West 57th Street, 8th Floor
                    New York, New York 10019
                    (212) 752-7600
                    jbrudin@rudinlaw.com

                    *Attorneys for the Plaintiff*

Dated: New York, New York
       December 11, 2025


11